UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOPOLDO PACUAN,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>TAMMY CAMPBELL, Warden,<br><br>　　　　　　　Respondent. | Case No.: 23-cv-01844-RBM-JLB<br><br>**REPORT AND RECOMMENDATION RE: MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 9]** |

This Report and Recommendation is submitted to the Honorable Ruth Bermudez Montenegro, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1.d of the United States District Court for the Southern District of California.

On October 2, 2023, petitioner Leopoldo Pacuan ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") before this Court pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On March 28, 2024, respondent Tammy Campbell, Warden, ("Respondent") filed a Motion to Dismiss and lodged the state court record. (ECF Nos. 9; 10.) On April 22, 2024, Petitioner filed a Response in Opposition ("Opposition") and lodged additional state court records.[1] (ECF No. 11.)

---

[1]　Petitioner's filing is titled "Traverse Reply to Respondent Motion to Dismiss Petition for Writ of Habeas Corpus"; the Court construes this as his opposition.

1

Having reviewed the Petition, Respondent's Motion, Petitioner's Opposition, as well as the record as a whole, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, and the case be **DISMISSED**.

## I.  BACKGROUND

### A.  Underlying Facts

In 2016, Petitioner was convicted of first-degree murder while engaged in the commission of a robbery, in violation of California Penal Code §§ 187(a) and 190.2(a)(17). (ECF Nos. 10-1 at 2; 1 at 1.) Petitioner was subsequently sentenced to life in prison, without the possibility of parole. (ECF 10-1 at 7.)

### B.  State Court Petitions

In 2017, Petitioner filed a direct appeal in the California Court of Appeal and the judgment was affirmed. (ECF No. 10-1.) In 2018, the Court of Appeal granted Petitioner's motion to recall a remittitur and reinstate the appeal to permit him to file a petition for review with the California Supreme Court. (ECF No. 10-3 at 36–38.) On March 28, 2018, Petitioner filed a Petition for Review to Exhaust State Remedies with the California Supreme Court. (ECF No. 10-3.) The California Supreme Court summarily denied the petition on April 25, 2018. (ECF No. 10-4.)

On April 13, 2023, Petitioner filed a habeas petition in San Diego County Superior Court on three grounds: (1) he was denied due process of the law when DNA evidence was destroyed or comingled; (2) he was denied his Sixth Amendment right to effective assistance of counsel at trial when counsel failed to object to preserve the aforementioned issue; and (3) he was denied his Sixth Amendment right to effective assistance of counsel on direct appeal when counsel failed to raise the issue of ineffective assistance of trial counsel. (ECF No. 10-5 at 1–5.) On May 1, 2023, the Superior Court denied the petition, stating that (1) trial counsel raised the issue of evidence destruction in a 2016 pre-trial motion, the trial court denied the motion, and Petitioner "failed to cite to a change in the law or new evidence that would compel [the] court to reach a different conclusion"; (2) trial counsel was not ineffective because counsel preserved the evidence destruction issue by

litigating the pre-trial motion; and (3) appellate counsel was not ineffective for failing to raise the issue of ineffective assistance of trial counsel because trial counsel was not ineffective and the result of the DNA testing done by the state was "*completely exculpatory*." (ECF No. 10-6 at 4–5 (emphasis in original).)

On May 19, 2023, Petitioner filed a habeas petition in the California Court of Appeal, raising the same grounds. (ECF No. 10-7.) The Court of Appeal denied the petition stating Petitioner "offer[ed] nothing more than basic, conclusory arguments to support his claim[s,] provide[d] no relevant evidence," and "fail[ed] to establish any claim of ineffective assistance of counsel" either at the trial or appellate level. (ECF No. 10-8.)

On June 26, 2023, Petitioner filed a habeas petition with the California Supreme Court, raising the same grounds. (ECF No. 10-9.) On September 13, 2023, the California Supreme Court summarily denied the petition. (ECF No. 10-10.)

### C. Federal Petition

On October 2, 2023, Petitioner filed the instant federal habeas petition. (ECF No. 1.) Petitioner alleges: (1) he was denied due process of the law when potentially exculpatory DNA evidence was knowingly destroyed by the State (Ground One); (2) he was denied his Sixth Amendment right to effective assistance of counsel at trial (Ground Two); and (3) he was denied his Sixth Amendment right to effective assistance of counsel on direct appeal (Ground Three). (ECF No. 1 at 6–8.)

On March 28, 2024, Respondent filed a Motion to Dismiss arguing that the Petition is untimely under 28 U.S.C. § 2244(d). (ECF No. 9-1 at 5–9.)

On April 22, 2024, Petitioner filed an Opposition arguing the Petition is not time-barred because he filed within one year of the removal of an impediment and, additionally, within one year of newly discovered evidence. (ECF No. 11 at 2–3 (citing 28 U.S.C. § 2244(d)(1)(B), (D).)

///
///
///

## II. LEGAL STANDARD

A federal habeas corpus petition challenges the legality or duration of confinement. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006). Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 12124 (1996), a federal court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). In addition, Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts ("Rules Governing § 2254") requires that the petition "specify all the grounds for relief available . . . [and] state the facts supporting each ground." Rules Governing § 2254, R. 2(c).

A motion to dismiss a petition for writ of habeas corpus is viewed as a request to dismiss under Rule 4 of the Rules Governing § 2254. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4 of the Rules Governing § 2254, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rules Governing § 2254, R. 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). "Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)) (cleaned up). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

///

## III. DISCUSSION

In the Motion to Dismiss, Respondent argues that the Petition is untimely. Specifically, Respondent asserts it was not filed within one year of the judgment becoming final as required by § 2244(d)(1)(A), and the Petition is not saved by § 2244(d)(1)(B)–(D), statutory tolling, or equitable tolling. (ECF No. 9-1 at 6–8.)

In opposition, Petitioner asserts the Petition is timely because he filed within one year of the removal of an impediment and, additionally, within one year of newly discovered evidence. (ECF No. 11 at 2–3 (citing 28 U.S.C. § 2244(d)(1)(B), (D)).)

AEDPA imposes a "1-year period of limitation" on all federal habeas petitions. 28 U.S.C. § 2244(d). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitation period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "A 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

### A.   Trigger Date for the Statute of Limitations

#### 1.   Date Judgment Became Final

The 1-year statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," unless an event specified in § 2244(d)(1)(B)–(D) occurs later. 28 U.S.C. § 2244(d)(1). "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). "Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Id.* at 1159.

Here, Petitioner's direct appeal to the California Supreme Court was denied on April 25, 2018. (ECF No. 10-4 at 1.) He did not petition the United States Supreme Court for a writ of certiorari to review the judgment.

Accordingly, pursuant to § 2244(d)(1)(A), the 1-year statute of limitations began July 24, 2018, and ended July 24, 2019. Petitioner filed his first habeas petition in the San Diego County Superior Court April 13, 2023, more than three-and-a-half years after July 24, 2019. (ECF No. 10-5 at 1.) Therefore, the instant Petition is time-barred under § 2244(d)(1), unless another triggering event or tolling applies.

#### 2.   Date Unlawful State-Created Impediment to Filing Removed

Respondent argues that Petitioner did not allege or establish that state action impeded his ability to file a federal habeas petition under § 2244(d)(1)(B). (ECF No. 9-1 at 7.)

In his Opposition, Petitioner argues the Petition is timely because he filed within one year of the removal of an impediment under § 2244(d)(1)(B). (ECF No. 11 at 2.) Specifically, Petitioner argues that "the California Innocence Project cautioned [him against] filing any pro per writ petitions in any state court hoping that they can give [him]

legal advice while reviewing [his] case." (*Id.*)  In support of his argument, Petitioner attached an October 23, 2018 letter from the California Innocence Project (the "CIP") that states in relevant part:

> During the review process, you may believe that you need to pursue remedies on your own.  While we don't discourage you from seeking help elsewhere and do not want you to miss any legal filing deadlines, we need to caution you about filing any pro per writ petitions in state court.  If you file such a petition and lose, it may prevent us from later raising a claim on your behalf.  As a result we ask that you please not file any petitions in state court without first consulting us.

(*Id.* at 5–6.)  Four years later, on October 31, 2022, the CIP notified Petitioner that they would "be unable to assist [him] in [his] claim of innocence." (*Id.* at 8.)  Approximately six months later, on April 13, 2023, Petitioner filed his first habeas petition in Superior Court.

If a petitioner "was prevented from filing by . . . State action," "in violation of the Constitution or laws of the United States," the 1-year statute of limitations may run from "the date on which the impediment to filing an application created by [such] State action . . . is removed."  28 U.S.C § 2244(d)(1)(B).  "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007).  A petitioner "is entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if [the unconstitutional state action] altogether prevented him from presenting his claims in *any* form, to *any* court." *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasis in original); *see also Rosati v. Kernan*, 417 F. Supp. 2d 1128, 1133 n.6 (C.D. Cal. 2006), *aff'd*, 266 Fed. App'x 550 (9th Cir. 2008) ("In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law.") (quoting *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)).

///

///

Here, Petitioner essentially argues that the letter from the CIP prevented him from timely filing a habeas petition. (ECF No. 11 at 2.) The CIP[2] is a legal clinic within the California Western School of Law, a private law school. *Innocence Clinic*, *supra* note 1; *Standard 509 Information Report*, Cal. W. Sch. L. (Dec. 15, 2023), https://www.cwsl.edu/files/required_disclosures/aba/standard_509_information_report_2023.pdf [https://perma.cc/VRD3-QEGZ]. A legal clinic in a private law school is not a state agency. Therefore, the action of the CIP does not qualify as State action. Even if it did, the letter from the CIP did not *prevent* Petitioner from filing habeas petitions but rather requested that Petitioner consult them before filing petitions in state court. (ECF No. 11 at 5.) In fact, the letter expressly stated that the CIP "do[es]n't discourage you from seeking help elsewhere and do[es] not want you to miss any legal filing deadlines . . . ." (*Id.*) *See Ayala v. Scribner*, No. CV 07-8377-GPS-JTL, 2008 WL 2811491, at *6–7 (C.D. Cal. July 21, 2008) ("The letters submitted by Petitioner indicate that, although the California Innocence Project requested that Petitioner refrain from filing *pro per* state habeas petitions, the ultimate decision of whether and when to do so rested with Petitioner.").

Therefore, Petitioner failed to show that he was prevented from filing a petition by State action in violation of the Constitution or federal law such that § 2244(d)(1)(B) would apply.

        3.    <u>Date Newly Recognized Constitutional Right Made Retroactively Available</u>

Respondent argues that Petitioner did not raise claims based upon a newly recognized constitutional right that was made retroactively applicable and thus is not entitled to a later trigger date under § 2244(d)(1)(C). Petitioner does not expressly argue

---

[2] Since Petitioner's communication with them, the California Innocence Project has been renamed California Western Innocence and Justice Clinic. *See California Western Innocence and Justice Clinic*, Cal. W. Sch. L., https://www.cwsl.edu/experiential_learning/clinics/california_western_innocence_and_justice_clinic.html [https://perma.cc/TV9Y-FS9P] (hereafter "*Innocence Clinic*").

that § 2244(d)(1)(C) applies, nor does Petitioner otherwise reference a "constitutional right" that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" *See* 28 U.S.C § 2244(d)(1)(C). Therefore, § 2244(d)(1)(C) does not apply to the instant Petition.

                    4.        <u>Date Factual Predicate Discoverable with Due Diligence</u>

Respondent argues that Petitioner did not raise claims based on the discovery of new evidence under § 2244(d)(1)(D) because "the factual basis of [Petitioner's] claims involve the behavior of the government during trial, along with the performance of his counsel during trial and on direct appeal[,]" the factual basis for which "involve matters that were known to him either during the time of trial or direct appeal." (ECF 9-1 at 7.)

In opposition, Petitioner argues that he raised newly discovered evidence in the Petition and is therefore not time-barred pursuant to § 2244(d)(1)(D). (ECF No. 11 at 2–3 (citing Fed. R. Civ. P. 59, 60(b)(2), and *Weiss v. United States*, 120 F.2d 472 (5th Cir. 1941))[3].) Petitioner asserts that Respondent "overlook[s] the Petition of the issues that had been raise[d] in the Petitioner['s] Writ of Habeas Corpus." (*Id.* at 3.) Specifically, Petitioner argues that potentially exculpatory DNA evidence was destroyed with the prosecutor's knowledge and the police department acted in bad faith by destroying the evidence. (*Id.*) Finally, Petitioner asserts this newly discovered evidence was not raised on direct appeal due to ineffective assistance of counsel. (*Id.*)

---

[3]    Rule 59 of the Federal Rules of Civil Procedure sets forth the grounds upon which a party may request, or the court may *sua sponte* order, a new trial or alter a judgment. Rule 60(b)(2) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [due to] newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Neither rule applies to the instant action as there is no final judgment, order, or proceeding in federal court from which Petitioner is seeking relief. Similarly inapposite, *Weiss* affirms a criminal conviction for fraud, finding the court did not abuse its discretion by denying the defendant-appellant's motion for a new trial due to "after-discovered evidence," which the court found to concern "a collateral matter which was, at most, cumulative evidence." *Weiss*, 120 F.2d at 475.

"For a prisoner who has already sought direct review of his conviction and who later seeks to bring a new claim challenging that conviction based on newly discovered evidence, the limitations period begins to run when the prisoner could have discovered the new evidence through the exercise of due diligence." *Redd v. McGrath*, 343 F.3d 1077, 1083 (9th Cir. 2003); *see also* 28 U.S.C § 2244(d)(1)(D).

Here, Petitioner relies upon the claims raised in his Petition; however, the factual predicate of each claim was known to Petitioner at the time of his criminal trial. Specifically, Petitioner knew of the factual predicate of Ground One—that the State's testing consumed all DNA evidence—prior to the conclusion of the trial. In fact, on March 24, 2016, Petitioner's trial counsel filed a pre-trial motion arguing Petitioner "was denied due process because the People destroyed exculpatory evidence by consuming DNA swabs in their entirety," a motion that the trial court denied. (ECF No. 10-6 at 4.) Regarding Ground Two, the claim of ineffective assistance of trial counsel, Petitioner was aware of all actions or inactions his trial counsel took by the conclusion of the 2016 trial. Similarly, Petitioner was aware of all actions or inactions taken by his appellate counsel in 2017. (*See* ECF Nos. 10-1 (California Court of Appeal opinion filed November 15, 2017, affirming Petitioner's criminal conviction); 10-2 (California Court of Appeal opinion reinstated on March 21, 2018, upon successful motion by Petitioner's appellate counsel).) As such, Petitioner's argument that the claims raised in his Petition are based on newly discovered evidence is without merit based on the record before the Court.

Because Petitioner was aware of the factual predicate of all of his claims either at trial or during the appeals process, and Petitioner does not point to other actual evidence that was newly discovered, § 2244(d)(1)(D) is not applicable to the instant Petition.

### 5. Conclusion

As no other provision is implicated, AEDPA's one-year statute of limitations was triggered when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Accordingly, the instant Petition is untimely, unless statutory or equitable tolling applies.

### E. Statutory Tolling

Respondent argues that Petitioner is not entitled to statutory tolling under § 2244(d)(2) because the statute of limitations expired on July 24, 2019, and Petitioner did not begin pursuing collateral relief until 2023. (ECF No. 9-1 at 8.) Petitioner does not argue in the instant Petition or Opposition that he is entitled to statutory tolling. (*See generally* ECF Nos. 1; 11.)

The limitation period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A] petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Pace*, 544 U.S. at 413.

Petitioner's first state petition for collateral review was filed on April 13, 2023, more than three-and-a-half years after July 24, 2019. Therefore, the instant Petition is not subject to statutory tolling pursuant to § 2244(d)(2).

### F. Equitable Tolling

Respondent argues that Petitioner is not entitled to equitable tolling because Petitioner failed to show both that he was pursuing his rights diligently and that extraordinary circumstances precluded him from timely seeking collateral review. (ECF No. 9-1 at 8–9.) Petitioner does not directly argue in the instant Petition or Opposition that he is entitled to equitable tolling. However, Petitioner does argue that the October 23, 2018 letter from the CIP prevented him from seeking collateral review. (ECF No. 11 at 2.)

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418); *see also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) ("[T]he requirement that extraordinary circumstances stood in his way suggests that an external force must cause the untimeliness, rather than, as we have said, merely oversight,

miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling.") (cleaned up).  The petitioner bears the burden of showing both that this "extraordinary exclusion" should apply to him, and that the "extraordinary circumstances" were the "cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), *as amended* (Nov. 3, 2003).  "Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (cleaned up).

      First, based on its review of the record, the Court finds that Petitioner has not established that he was reasonably diligent in pursuing his rights.  Petitioner does not identify any follow-up action he took with respect to the potential representation by the CIP or other counsel for the *four years* during which his request for representation was pending.  Neither does Petitioner allege, nor does the record reflect, that he took any action to pursue his rights while the CIP was reviewing his case, despite being cautioned not to miss any filing deadlines.  Moreover, after the CIP affirmatively notified Petitioner of their inability to represent him, Petitioner took another six months before filing his habeas petition in state court.  This does not constitute reasonable diligence.

      Second, as discussed *supra* Section III.A.2, the CIP's letter did not prevent Petitioner from seeking, or otherwise render impossible, collateral review.  Even if the CIP's letter had prevented Petitioner's timely filing, the Court would still need to determine whether the letter created extraordinary circumstances that caused the untimeliness.  As addressed above, although the letter requested that Petitioner consult the CIP before filing petitions in state court, the letter also expressly stated that the CIP "do[es]n't discourage you from seeking help elsewhere and do[es] not want you to miss any legal filing deadlines . . . ." (ECF No. 11 at 5.)  With this in mind, the mere fact that consideration of Petitioner's case was pending with the CIP is not, in and of itself, extraordinary.  Notably, not even an attorney's ordinary negligence in causing the untimely filing of a petition constitutes extraordinary circumstances warranting equitable tolling. *Spitsyn*, 345 F.3d at 800.  As such, Petitioner does not show that extraordinary circumstances prevented his timely filing.

*See Gunn v. Salazar*, No. 08-CV-00972-LAB-WMC, 2009 WL 861247, at *3 (S.D. Cal. Mar. 27, 2009) ("The Court does not find the California Innocence Project's inability to assist [the petitioner] to be an extraordinary circumstance that entitles him to equitable tolling.").

Accordingly, Petitioner is not entitled to equitable tolling.

## IV.   CONCLUSION

Because the one-year statute of limitations expired July 24, 2019, and Petitioner is not entitled to either statutory or equitable tolling, the instant Petition is untimely. Accordingly, for the foregoing reasons, **IT IS HEREBY RECOMMENDED** that District Judge Montenegro issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss; and (3) dismissing the Petition.

**IT IS ORDERED** that no later than **October 16, 2024**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to any objections shall be filed with the district court and served on all parties no later than **October 30, 2024**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  September 24, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge