UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOPOLDO PACUAN,<br><br>                              Petitioner,<br><br>v.<br><br>TAMMY CAMPBELL, Warden,<br><br>                              Respondent. | Case No.:  3:23-cv-01844-RBM-JLB<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION**<br><br>**(2) DISMISSING HABEAS PETITION**<br><br>**[Docs. 9, 12]** |

Petitioner Leopoldo Pacuan has filed a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1.) Before the Court is a Report and Recommendation ("R&R") submitted by Magistrate Judge Jill L. Burkhardt recommending the Court grant Respondent's Motion to Dismiss the Petition as time barred. (Doc. 12). The Court **ADOPTS** the R&R (Doc. 12), **GRANTS** Respondent's Motion to Dismiss (Doc. 9), and **DISMISSES** the Petition.

## I.   BACKGROUND

The R&R thoroughly and accurately summarizes the background and procedural history relevant to the Petition, and Petitioner does not challenge the summary in his

Objections. (Doc. 12 at 2–3.[1]) Accordingly, the Court adopts it and only briefly summarizes a few points.

### A.  State Filings

Petitioner was convicted of first-degree murder in 2016. (Doc. 1 at 1; Doc. 10-1 at 2.) He was sentenced to life in prison without the possibility of parole. (Doc. 1 at 1; Doc. 10-1 at 7.) Petitioner's direct appeal challenged evidentiary rulings concerning prior bad acts by a third-party that Petitioner alleged was responsible for the murder. (Doc. 10-1 at 7.) The California Court of Appeal affirmed his conviction (Doc. 10-1), and on April 25, 2018, the California Supreme Court summarily denied his petition for review (Doc. 10-4).

On April 13, 2023, Petitioner filed his first habeas petition in San Diego Superior Court. (Doc. 10-5.) The San Diego Superior Court denied the petition. (Doc. 10-6.) He then filed a state habeas petition in the California Court of Appeal (Doc. 10-7), and the petition was denied (Doc. 10-8). His state habeas petition to the California Supreme Court was filed on June 26, 2023 (Doc. 10-9) and summarily denied on September 13, 2023 (Doc. 10-10).

### B.  Federal Habeas Petition

On October 2, 2023, Petitioner filed his federal Petition. (Doc. 1.) He raises three grounds for relief in his Petition: (1) denial of due process based on the destruction of DNA evidence; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel for his direct appeal. (Doc 1 at 6–8.)

Respondent filed a Motion to Dismiss the Petition as untimely because his federal Petition was filed after the expiration of the applicable one-year statute of limitations, and he was not entitled to statutory or equitable tolling. (Doc. 9 at 1.) Petitioner filed an Opposition arguing he is entitled to tolling based on a letter from the California Innocence

---

[1] Unless otherwise noted, the Court cites the CM/ECF electronic pagination.

Project and "new evidence." (Doc. 11.[2]) On September 25, 2024, the Magistrate Judge issued the R&R recommending the Motion to Dismiss be granted. (Doc. 12.) Petitioner filed Objections on October 24, 2024. (Doc. 15.) Respondent did not file any reply to the Objections.

## II. DISCUSSION

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

The R&R finds the Petition was filed more than three years after the one-year statute of limitations expired. (Doc. 12 at 5–10 (citing 28 U.S.C.§ 2244(d)(1)(A)).) The R&R also finds that Petitioner is not entitled to statutory tolling or equitable tolling. (Doc. 12 at 11–13.) Petitioner's Objections to the R&R primarily focus on an actual innocence claim, an issue raised for the first time in his Objections. However, because he also argues he is entitled to tolling, the Court has reviewed each issue *de novo*.

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for federal habeas petitions. 28 U.S.C. § 2244(d)(1). The limitations period starts to run from the latest of four possible dates. *Id.* AEDPA states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[2] Petitioner's filing opposing the Motion to Dismiss is captioned "Traverse Reply to Respondent Motion to Dismiss Petition for Writ of Habeas Corpus" (Doc. 11 at 1.) The Magistrate Judge construed this filing as Petitioner's Opposition to the Motion to Dismiss. (Doc. 12 at 1 n.1.)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

The R&R analyzes each potential start date for the statute of limitations and finds as follows:

- The judgment became final on July 24, 2018, 90 days after Petitioner's direct appeal to the California Supreme Court was denied on April 25, 2018. (Doc. 12 at 6 (addressing § 2244(d)(1)(A)).)

- There was no State action that created an impediment to filing a federal habeas petition. (Doc. 12 at 6–8 (addressing § 2244(d)(1)(B)).)

- Petitioner does not rely on or otherwise identify any newly recognized constitutional right that would implicate a later start date to the statute of limitations. (Doc. 12 at 8–9 (addressing § 2244(d)(1)(C)).)

- Petitioner is not entitled to a later start date based on newly discovered evidence because the factual predicate he identifies—destruction of DNA evidence because the swabs were consumed—is not new; it was raised prior to trial in a pretrial motion. (Doc. 12 at 9–10 (addressing § 2244(d)(1)(D)).)

4

3:23-cv-01844-RBM-JLB

The Court agrees with and adopts this analysis. In his Objections, Petitioner briefly notes "destroying of the DNA by the investigators" without further explanation. (Doc. 15 at 6.) The Court has considered this issue and agrees that Petitioner is not entitled to a later start date for the statute of limitations based on this argument because the "factual predicate of the claim" was known at trial. § 2244(d)(1)(D).

Petitioner also relies on a letter from the California Innocence Project ("CIP") that he characterizes as "advising [him] not to file any pro se petitions in court while they researched his case." (Doc. 15 at 1; *see also id.* at 4–6 (claiming the letter prevented him from raising an ineffective assistance of counsel issue as he awaited their possible representation).) The Court agrees with the R&R that the letter Petitioner received from CIP was not a State action that prevented him from filing a federal habeas petition for more than three years. (Doc. 12 at 6–8). As the R&R explains, "[a] legal clinic in a private school is not a state agency." (Doc. 12 at 6–8.) And, even if it were considered a State action, Petitioner was not "prevented from filing" a federal petition by the letter. § 2244(d)(1)(C). While the letter cautioned Petitioner that the pro per filing of a writ and losing on that writ might prevent CIP from later raising a claim, it also explicitly cautioned him about not "missing any legal filing deadlines." (Doc. 12 at 7 (quoting Doc. 11 at 5).)

Because no later start date applies, the judgment became final on July 24, 2018, 90 days after his direct appeal to the California Supreme Court was denied on April 25, 2018. (Doc. 12 at 6, 10). The one-year statute of limitations expired on July 24, 2019. (*Id.*) Absent tolling or an exception to the statute of limitations, the Petition, filed on October 2, 2023, more than three years later, is time barred and must be dismissed.

1. **Statutory Tolling**

The one-year statute of limitations for the filing of a federal habeas petition is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending … ." 28 U.S.C. § 2244(d)(2). However, the filing of state petitions after the federal one-year statute of limitations has expired does not "reinitiate the limitations period that has ended before the

state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *see also Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004) ("[I]n order to qualify for statutory tolling during the time petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed before, not after, the expiration of AEDPA's one-year limitations period.").

Here, Petitioner did not specifically object to the R&R's conclusion that he is not entitled to statutory tolling. However, the Court has considered the issue *de novo* and agrees with the R&R's conclusion that Petitioner is not entitled to statutory tolling. (Doc. 12 at 11.) Because the one-year statute of limitations expired before Petitioner filed any of his state habeas petitions those petitions did not toll the statute of limitations. *See Ferguson*, 321 F.3d at 823; *see also Johnson*, 310 F. Supp. 2d at 1125.

### 2. Equitable Tolling

As noted above, in his Objections, Petitioner raises the letter he received from the CIP. Although already considered above in addressing the start date for the one-year statute of limitations, the Court additionally considers it under equitable tolling, as the Magistrate Judge did in the R&R. (Doc. 12 at 11–13.)

A habeas petitioner may be entitled to equitable tolling of AEDPA's one-year statute of limitations if he can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citations omitted). Equitable tolling is "unavailable in most cases" and only available "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted) (emphasis in original). The threshold "is very high, lest the exception swallow the rule." *Id.* (quotations and citations omitted).

The Court agrees that Petitioner has not established he pursued his rights diligently. (Doc. 12 at 12.) He took no action regarding his request for representation or by taking any action to pursue his rights on his own despite the warning not to miss filing deadlines. (*Id.*) Additionally, the Court agrees that a letter cautioning about a possible impact in filing

pro per, particularly when cautioned about not missing deadlines, does not constitute an extraordinary circumstance. (*Id.*)

The Court also notes that Petitioner mentions "COVID caused major disruptions" in his Objections (Doc. 15 at 1), presumably as a basis for equitable tolling; however, the statute of limitations expired more than six months before the COVID pandemic began. This does not constitute an extraordinary circumstance that made "it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066.

The Court adopts the R&R as to equitable tolling (*see* Doc. 12 at 5, 11–13) and concludes Petitioner has failed to satisfy the high burden of demonstrating that he acted diligently and that extraordinary circumstances prevented him from timely filing his Petition. Accordingly, Petitioner is not entitled to equitable tolling of AEDPA's statute of limitations, and his Petition is untimely.

### 3. Actual Innocence

Petitioner asserts in his Objections to the R&R that he seeks an exception to § 2244(d)(1)'s one-year statute of limitations based on actual innocence. (Doc. 15 at 2–5.) This argument is not addressed in the R&R because Petitioner raises it for the first time in his Objections.[3]

The Court "has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). However, "the [C]ourt 'must actually exercise its discretion' rather than simply ignore the evidence or reject it *sub silentio*." *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (quoting *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002)); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (finding court exercised discretion, but abused it by not considering objections directing the court to "crucial facts" regarding the exhaustion of administrative remedies from a "pro se litigant,

---

[3] Petitioner did not raise actual innocence in his Opposition to Respondent's Motion to Dismiss (*see* Doc. 11) or in his Petition (*see* Doc. 1).

who is illiterate, disabled, and has limited English skills"). Here, the Court exercises its discretion and considers Petitioner's actual innocence argument.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or [the] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Lee v. Lampert*, 653 F.3d 929, 934–37 (9th Cir. 2011) (en banc). "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual-innocence gateway pleas are rare: '[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329). This exacting standard "permits review only in the extraordinary case, but it does not require absolute certainty about the petitioner's guilt or innocence." *Larsen v. Soto*, 742 F.3d 1083, 1095 (9th Cir. 2013).

Here, Petitioner fails to identify any new evidence indicating that he is innocent. He argues the trial court judge "had no legal merit to omit the facts about third[-]party culpability." (Doc. 15 at 2.) He claims a jury would not have convicted him, "a friend to the victim … with no motive … while knowing that the actual murderer was next door." (*Id.*) He suggests the third party actually responsible for the murder committed suicide out of "guilt about an innocent person taking the blame." (*Id.* at 2–3.) He points to the third party as having the physical ability and access to knives to commit the violent crime while he lacked full range of motion and argues he "was a victim of bad timing." (*Id.* at 3.) He also argues the police should have searched the home of the third party, searched the third party's car, checked his alibi, and searched his cell phone records. (*Id.* at 4–5.) His claim to innocence is based on the police focusing on Petitioner instead of the third party he believed was responsible and the trial court omitting some information about third-party

culpability. (*Id.* at 2–6.) He asserts "the state courts trampled the rights of the [P]etitioner starting with the trial court, then passed off their opinions and rulings as harmless error." (*Id.* at 3).

Petitioner does not, however, identify any new evidence. He believes someone else committed the murder, and if the case had been investigated or presented differently at his trial, the outcome would have been different. (*Id.* at 2 (arguing "no juror would have convicted him of murder had all the facts of the case been presented to the jury.").) However, he does not identify any evidence supporting his belief, certainly not "new reliable evidence." *Schlup*, 513 U.S. at 324. Additionally, even if Petitioner's *arguments* and beliefs were construed as evidence, this is not one of the rare actual-innocence gateway pleas. *See McQuiggin*, 569 U.S. at 386. Petitioner was permitted to raise third-party culpability at trial but was limited in the scope of evidence about the third party he was able to introduce. (Doc. 10-2 at 2 (As trial, [Petitioner] presented a third-party culpability defense, suggesting that another individual … had committed the murder.") And, the evidence against Petitioner at trial also included, among other evidence, that the victim's blood was on his watch, the victim's blood was in Petitioner's car, and there were "traces of [Petitioner's] DNA on [a] piece of latex-style glove found on [the victim's] body." (Doc. 10-1 at 4.) Even if Petitioner identified new evidence supporting his third-party culpability *arguments*, the Court is not persuaded "that, …no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329). Petitioner has not successfully demonstrated he meets the *Schlup* actual innocence exception as is necessary for his time-barred claims to proceed.

### III.   CERTIFICATE OF APPEALABILITY

District courts must either issue or deny a certificate of appealability when entering a final order adverse to a petitioner in a habeas corpus proceeding. *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. "A certificate of appealability should issue if 'reasonable jurists could debate whether' (1) the district court's assessment of the claim was debatable or wrong; or (2) the issue presented is 'adequate to deserve

encouragement to proceed further.'" *Shoemaker v. Taylor*, 730 F.3d 778, 790, (9th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss the Petition as untimely, and the issues raised are not "adequate to deserve encouragement to proceed further." *Id.*  Accordingly, the Court **DENIES** Petitioner a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R (Doc. 12) in its entirety, **GRANTS** Respondent's Motion to Dismiss (Doc. 9), and **DISMISSES** the Petition with prejudice.  The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Dated:  March 24, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE